Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**USPS CERTIFIED MAIL™**

9214 8901 1251 3410 0003 3226 83

MOSES NISSAN, LLC
J. STEVEN MOSES
2001 MACCORKLE AVENUE
PO BOX 111
SAINT ALBANS, WV 25177



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

**Control Number:** 279772

**Defendant:** MOSES NISSAN, LLC
2001 MACCORKLE AVENUE
PO BOX 111
SAINT ALBANS, WV 25177 US

**Agent:** J. STEVEN MOSES
**County:** Kanawha
**Civil Action:** 21-C-822
**Certified Number:** 92148901125134100003322683
**Service Date:** 9/20/2021

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

EXHIBIT A

## SUMMONS

### IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

RUSTYN BOOTH,

    Plaintiff,

v.                                                                Civil Action No: 21 C-822

                                                               Judge: _____

MOSES NISSAN, LLC,

    Defendant.

SERVE:    MOSES NISSAN, LLC
                J. Stevens Moses
                2001 MacCorkle Avenue
                Saint Albans, WV 25177

[Stamp: ACCEPTED FOR SERVICE OF PROCESS 2021 SEP 20 P 2:58 SECRETARY OF STATE STATE OF WEST VIRGINIA]

TO THE ABOVE-NAMED DEFENDANT:

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Thomas H. Peyton, Esquire, attorney for Plaintiff, whose address is Post Office Box 216, Nitro, West Virginia 25143, an answer, including any related counterclaim or defense you may have to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 9-16-2

                                                        Cathy S. Gatson, Clerk
                                                           CLERK OF COURT
                                                      BY: _____, Deputy

EXHIBIT A

IN THE CIRCUIT COURT OF __KANAWHA__ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
(Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

Plaintiff(s)

RUSTYN BOOTH

Case No. 21-C-822

Judge:

vs.

Defendant(s)

MOSES NISSAN, LLC
Name

c/o J. Steven Moses, 2001 MacCorkle Avenue
Street Address

St. Albans, WV 25177
City, State, Zip Code

Days to Answer: 30

Type of Service: Secretary of State

FILED COPY — 2021 SEP 16 AM 9:19 — CATHY S. GATSON, CLERK, KANAWHA COUNTY CIRCUIT COURT

**II. TYPE OF CASE:**

- [✓] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [✓] Yes [ ] No   CASE WILL BE READY FOR TRIAL BY (Month/Year): 04 / 2021

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [✓] No

IF YES, PLEASE SPECIFY:
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

Attorney Name: Thomas H. Peyton
Firm: Peyton Law Firm, PLLC
Address: 2801 First Avenue, PO Box 216, Nitro, WV 25143
Telephone: (304) 755-5556
[ ] Proceeding Without an Attorney

Representing:
- [✓] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

Original and 4 copies of complaint enclosed/attached.

Dated: 9 / 10 / 21   Signature: _____

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)    Revision Date: 12/2015

EXHIBIT A

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

RUSTYN BOOTH,

    Plaintiff,

v.                                          CIVIL ACTION NO. 21-C-822
                                          JUDGE: Akers

MOSES NISSAN, LLC,

    Defendant.

## COMPLAINT

Now comes the Plaintiff, Rustyn Booth, and for cause of action against the Defendant alleges the following:

1. The Plaintiff, Rustyn Booth, is an individual who resides in Putnam County, West Virginia.

2. The Defendant, Moses Nissan, LLC, is a West Virginia limited liability company doing business as an automobile dealership in the city of St. Albans, Kanawha County, West Virginia, at times doing business as C & O Used Cars and Trucks or Moses Nissan St. Albans.

3. The Plaintiff was employed by the Defendant as a clerk in the parts department from early April 2019 until November 16, 2020, when she was constructively discharged by the Defendant due to an unbearable sexually hostile and abusive work environment.

4. The Plaintiff was the subject of a sexually charged hostile work environment as a result of the behavior of her supervisor, the Defendant's parts manager, who was acting within the scope of his employment. More specifically, statements from her supervisor, the Defendant's manager, include, but are not limited to, the following:

EXHIBIT A

> Hurry up beautiful I need my morning tushy fix
>
> I know you don't feel good but you sure look beautiful today babe
>
> Gloss those lips up and come upstairs baby and I'll give you something to do
>
> I'll make you a deal when you're ass gets to big to find pants to fit then you can where a skirt
>
> If you were to wear one now I'd never get any work done for looking at your beautiful behind all day

5. The Plaintiff worked as a parts clerk working in excess of forty hours per week.

6. The Defendant did not pay the Plaintiff overtime pay and did not pay Plaintiff minimum wage during certain pay periods.

<u>Sexual Harassment/Hostile Work Environment/Infliction of Emotional Distress</u>

7. The Defendant is an employer subject to the West Virginia Human Rights Act.

8. The conduct of the Defendant, via its manager and supervisory personnel, in the form of sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature were unwelcomed and had the purpose or effect of unreasonably interfering with the Plaintiff's work performance and/or created an intimidating, hostile or offensive work environment.

9. The actions of the Defendant constitute discrimination in violation of the West Virginia Human Rights Act, *West Virginia Code § 5-11-1* et seq.

10. The Defendant's conduct was in contravention of substantial public policy principles of the state of West Virginia and in violation of the West Virginia Human Rights Act, *West Virginia Code § 5-11-1* et seq.

EXHIBIT A

11. The Defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

12. The Defendant acted with intent to inflict emotional distress or acted recklessly when it was substantially certain emotional distress would result from its conduct.

13. The actions of the Defendant caused the Plaintiff to suffer emotional distress.

14. The emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it.

15. The Defendant acted recklessly, consciously and with outrageous indifference to the health, safety and welfare of the Plaintiff and others.

16. As a direct and proximate result of the conduct of the Defendant, Plaintiff has suffered aggravation, annoyance, inconvenience, past and future lost wages, loss of employment benefits, humiliation, embarrassment, and loss of personal dignity. Further, Plaintiff has incurred and continues to incur significant attorney fees and costs.

Unpaid Overtime Wages/Minimum Wage Under the Fair labor Standards Act

17. The Defendant is an "employer" as defined in the Fair Labor Standards Act ("FLSA") at 28 U.S.C. § 203.

18. The Defendant is an "enterprise engaged in commerce" as defined in the Fair Labor Standards Act ("FLSA") at 28 U.S.C. § 203.

19. The Plaintiff was an "employee" as defined in the Fair Labor Standards Act ("FLSA") at 28 U.S.C. § 203.

20. The Defendant was required to pay the Plaintiff the legally required hourly minimum wage for all hours worked and overtime wages at a rate of one and one-half

EXHIBIT A

times Plaintiff's regular rate for all hours worked in excess of 40 hours in a work week pursuant to the FLSA, 28 U.S.C. § 207.

21. The Defendant failed to pay the Plaintiff all minimum wages and overtime wages due and owing to Plaintiff in violation of FLSA, 28 U.S.C. § 207.

22. The Defendant's failure to pay minimum wages and overtime wages in violation of the FLSA was willful.

**DEMAND**

WHEREFORE, the Plaintiff demands the following relief:

A. Judgment against the Defendant in an amount sufficient to compensate the Plaintiff for past and future lost wages, loss of employment benefits, aggravation, annoyance, inconvenience, humiliation, embarrassment, emotional and mental distress, and loss of personal dignity as well as an award to the Plaintiff for punitive damages.

B. That this Honorable Court award the Plaintiff her attorney fees and costs pursuant to *West Virginia Code*, the FLSA, common law, the general authority of this Court, and any further authority applicable to this action.

C. That this Honorable Court award the Plaintiff liquidated damages as provided by the FLSA.

D. That this Honorable Court declare the Defendant's actions a violation of State Law, enjoin the Defendant from engaging in further discriminatory practice, and require the Defendant to participate and/or implement an educational program that will enlighten it on the prevention of sexual harassment and other wrongful conduct in the work place and the effects that can result there from.

E. That this Honorable Court award the Plaintiff pre-judgment and post-judgment interest.

F. The Plaintiff requests any further relief this Court deems just and proper.

EXHIBIT A

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE HEREIN.

                                              RUSTYN BOOTH

                                              BY COUNSEL

_/s/ Thomas H. Peyton_

Thomas H. Peyton, Esquire
West Virginia State Bar No. 8841
PEYTON LAW FIRM, PLLC
2801 First Avenue, P.O. Box 216
Nitro, WV 25143
Telephone:   (304) 755-5556
Telefax:       (304) 755-1255
*Counsel for the Plaintiff*

5

EXHIBIT A