# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT CHARLESTON

RUSTYN BOOTH,

        Plaintiff,

v.                                        CIVIL ACTION NO. 2:21-cv-00564

MOSES NISSAN, LLC,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Moses Nissan, LLC's ("Defendant") Motion for Partial Summary Judgment. (ECF No. 33.) For the reasons discussed below, the motion is **GRANTED**.

### I.    BACKGROUND

This matter arises out of Plaintiff Rustyn Booth's ("Plaintiff") employment at Defendant's automobile dealership. According to the complaint, Plaintiff was a clerk in the parts department from April 2019 until November 2020, when she was constructively discharged. (ECF No. 1-1 at 4, ¶ 3.) Plaintiff claims, in part, that Defendant did not pay her minimum wage during certain periods of time or overtime pay when she worked in excess of forty hours per week. (*Id.* at 5, ¶¶ 5–6).

Plaintiff initiated this matter in the Circuit Court of Kanawha County, West Virginia on September 16, 2021. (*Id.* at 4.) Among other causes of action, Plaintiff asserts a claim against Defendant for a violation of the Fair Labor Standards Act ("FLSA") for failing to pay her overtime

1

compensation and failing to pay her minimum wage. (*Id.* at 6–7.) Defendant removed this matter to federal court on October 19, 2021. (ECF No. 1.)

On July 20, 2022, Defendant filed the pending Motion for Partial Summary Judgment. (ECF No. 33.) Plaintiff filed a response, stating that she "does not oppose" Defendant's motion. (ECF No. 36.) As such, this motion is fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. It states, in pertinent part, that a court should grant summary judgment if "there is no genuine issue as to any material fact." "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). Summary judgment should not be granted if there are factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Thus, at the summary judgment phase, the pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (alteration and internal quotation marks omitted).

The nonmoving party bears the burden of showing there is a "genuine issue of material fact for trial . . . by offering 'sufficient proof in the form of admissible evidence[.]'" *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). When ruling on a motion for summary judgment, the Court must view the evidence "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).

### III. DISCUSSION

In the pending motion, Defendant argues that Plaintiff's FLSA claim should be dismissed for two reasons. Each are discussed in turn.

First, Defendant asserts that Plaintiff was paid above minimum wage. The federal minimum wage set by the FLSA is $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C). Conversely, Defendant relies on its payroll records, (ECF No. 34-4), to show that Plaintiff was compensated $1,200 bi-weekly, in addition to bi-weekly commissions pay, which generally ranged between $1,000 and $1,500, (ECF No. 34 at 6). Consequently, Plaintiff's hourly rate ranged from $11.12 to $37.70, which is higher than minimum wage. (*Id.* at 9.) Plaintiff concedes this issue. (ECF No. 36.) Thus, there is no genuine issue of material fact that Plaintiff received at least minimum wage for her hours worked.

Second, Defendant states that it is exempt from overtime compensation under the FLSA. (ECF No. 34 at 5–6.) Under the FLSA, employers are required to pay overtime compensation at a rate of one-and-a-half times an employee's regular rate of pay for all hours worked in excess of forty hours in one workweek. 29 U.S.C. § 207(a)(1). However, the FLSA's overtime requirements do not apply to some exempt employees, including "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers." 29 U.S.C. § 213(b)(10)(A); *see also Encino Motorcars, LLC v. Navarro*, 138 S.Ct. 1134, 1140 (2018) (concluding that automobile dealership service advisors, who interact with customers and sell them services for their vehicles, are

salesmen primarily engaged in servicing automobiles and, as such, are exempt from the FLSA's overtime-pay requirement).

In this case, Defendant relies on Plaintiff's job description, (ECF No. 34-3), and Plaintiff's deposition testimony, (ECF No. 34-5), to argue that it is entitled to § 213(b)(10)(A)'s exemption because Plaintiff, as a Parts Counter Sales Associate, was a "partsman," as she conducted the "preliminary sale work on [a] part, leading up to the cashier," (ECF No. 34 at 5). Plaintiff concedes this issue. (ECF No. 36.) Thus, there is no genuine issue of material fact that Defendant was not required to pay Plaintiff overtime compensation.

Accordingly, Defendant's motion is **GRANTED**.

### IV.   *CONCLUSION*

For these reasons, Defendant's Partial Motion for Summary Judgment, (ECF No. 33), is **GRANTED**, and Plaintiff's FLSA claim is **DISMISSED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    October 26, 2022

_____
THOMAS E. JOHNSTON, CHIEF JUDGE